UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DAVID ANTHONY PEACE**,

               Plaintiff,

v.                                  **Case No. 15-cv-481-pp**

**WARDEN WILLIAM POLLARD,
TONY MELI,
BRADLEY TANNER,
BONNIE LIND,
JAMES OLSON,
TONIA MOON,
ALYSSA EAKE,
LAJUAN LEWIS,
WELCOME ROSE, and
CINDY O'DONNELL,**

               Defendants.

---

**ORDER DENYING PLAINTIFF'S PROPOSED PRELIMINARY INJUNCTION (DKT. NO. 20)**

---

Daniel Anthony Peace, a state prisoner, filed a *pro se* complaint under 42 U.S.C. §1983, alleging that his civil rights were violated while at Waupun Correctional Institution (Waupun). Dkt. No. 1. On February 17, 2016, the court allowed the plaintiff to proceed on Eighth Amendment claims against the defendants regarding medical care, failure to intervene, and failure to properly investigate his inmate complaints. Dkt. No. 16 at 16. On March 10, 2016, the plaintiff filed a proposed preliminary injunction (really, a proposed order enjoining the defendants) and a sworn declaration with exhibits. Dkt. Nos. 20-21. The defendants filed a response on March 31, 2016. Dkt. No. 22.

1

In his proposed order for injunctive relief, the plaintiff has drafted an order in which the defendants must appear before this court at a certain date and time, and show cause why the court should not issue an order enjoining the defendants from prohibiting the plaintiff from receiving a pair of state-issued black shoes. Dkt. No. 20. The proposed injunctive order also requires the defendant to send the plaintiff to an "off-site foot specialist, to complete an full examination of his foot (left) foot. And follow all treatment order by off-site foot specialist." Id. The plaintiff proposes that the court issue this order, despite the fact that he concedes in the declaration supporting the proposed order that the medical staff and the Special Needs Committee at Waupun determined that he did not meet the criteria for state-issued shoes. Dkt. No. 21 at 2-3.

To obtain preliminary injunctive relief, the plaintiff must show that (1) his underlying case has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. Wood v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). If the plaintiff shows those three factors, the court then must balance the harm to each party and to the public interest that would result from granting or denying the injunction. Id.; Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013); Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, 555 U.S.

2

7, 22 (2008) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam)).

The court begins by noting that the plaintiff did not file a motion for injunctive relief. He filed a proposed order, and a declaration dated March 9, 2016. The declaration goes through the history of the actions the plaintiff has taken to try to obtain a pair of state-issued black shoes: who he communicated with, how they responded, what medical professionals have seen him and when. Dkt. No. 21. It does not, however, address the factors discussed above.

First, the declaration does not demonstrate that the plaintiff has some likelihood of succeeding on the merits of his underlying case. The plaintiff's claims in the underlying case relate to whether the plaintiff received ice for his foot, as the medical staff had prescribed, not to whether was denied black, state-issued shoes. Nothing in the declaration relates to whether he is likely to succeed on the merits of his claim that he was not given ice for his foot.

Nor does the declaration address whether the plaintiff has an adequate remedy at law. The plaintiff has several possible remedies available to him, including filing a grievance through the prescribed Department of Corrections grievance procedure.

Finally, the declaration does not demonstrate that the plaintiff will suffer irreparable harm if he does not obtain injunctive relief. The proposed order states that if the court denies the injunction, the plaintiff will suffer "more than the defendants." Dkt. No. 20 at 1. This is not the standard; the plaintiff must

3

Case 2:15-cv-00481-PP   Filed 04/19/16   Page 3 of 4   Document 24

7, 22 (2008) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (per curiam)).

The court begins by noting that the plaintiff did not file a motion for injunctive relief. He filed a proposed order, and a declaration dated March 9, 2016. The declaration goes through the history of the actions the plaintiff has taken to try to obtain a pair of state-issued black shoes: who he communicated with, how they responded, what medical professionals have seen him and when. Dkt. No. 21. It does not, however, address the factors discussed above.

First, the declaration does not demonstrate that the plaintiff has some likelihood of succeeding on the merits of his underlying case. The plaintiff's claims in the underlying case relate to whether the plaintiff received ice for his foot, as the medical staff had prescribed, not to whether was denied black, state-issued shoes. Nothing in the declaration relates to whether he is likely to succeed on the merits of his claim that he was not given ice for his foot.

Nor does the declaration address whether the plaintiff has an adequate remedy at law. The plaintiff has several possible remedies available to him, including filing a grievance through the prescribed Department of Corrections grievance procedure.

Finally, the declaration does not demonstrate that the plaintiff will suffer irreparable harm if he does not obtain injunctive relief. The proposed order states that if the court denies the injunction, the plaintiff will suffer "more than the defendants." Dkt. No. 20 at 1. This is not the standard; the plaintiff must

3

Case 2:15-cv-00481-PP   Filed 04/19/16   Page 3 of 4   Document 24

demonstrate, in addition to the two above factors, that he will suffer irreparable harm if he does not obtain injunctive relief. He has not demonstrated that.

For all of these reasons, the plaintiff has failed to prove that he is entitled to injunctive relief.

The court **DENIES** the plaintiff's request that the court issue the proposed preliminary injunction. Dkt. No. 20.

Dated in Milwaukee, Wisconsin this 19th day of April, 2016.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge