# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**DANIEL ANTHONY PEACE**,

        Plaintiff,

v.                                          **Case No. 15-cv-481-pp**

**WARDEN WILLIAM POLLARD, TONY MELI,
SGT. TANNER, SGT. LIND, CAPTAIN OLSON,
TONIA MOON, CO EAKE, CO LEWIS,
WELCOME ROSE, and CINDY O'DONNELL,**

        Defendants.

---

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 27), DENYING PLAINTIFF'S MOTION FOR ORDER (DKT. NO. 28), AND DENYING PLAINTIFF'S MOTION TO APPOINT OFFICER OF THE COURT (DKT. NO. 29)**

---

On June 29, 2016, the court received several motions from plaintiff Daniel Anthony Peace, a state prisoner who is proceeding *pro se* on claims under 42 U.S.C. §1983. The plaintiff also filed a motion for preliminary injunction and temporary restraining order on July 5, 2016, but the defendants have not yet responded to that motion.

## I.    MOTION FOR 60-DAY EXTENSION (DKT. NO. 27)

In this motion, the plaintiff asks the court to extend the July 22, 2016, discovery deadline by sixty days. Dkt. No. 27. The reasons he gives for seeking the extension include: (1) that he wants to give the defendants a second chance to turn over his discovery requests; (2) that he may have to contact other inmates (possibly at other institutions) to ask them to sign releases for their

1

medical records; (3) that he has requested a court officer to depose defendants; (4) that he needs additional time to review his medical file and his inmate complaint file; and (5) that he has asked the court to authorize him to use money in his release account to make copies. Id.

The defendants filed a response to this motion, Dkt. No. 34, and the plaintiff filed a reply, Dkt. No. 35. The plaintiff asserts in his reply brief that the defendants do no dispute his motion for an extension of the discovery deadline, Dkt. No. 35 at 1, but that is not entirely true. In fact, the defendants responded that they timely responded to the discovery requests the plaintiff served on them, that they are working on additional responses, and that the plaintiff has had ample opportunity to serve them with discovery. Dkt. No. 34 at 1-2. Rather than agreeing to an extension of the *discovery* deadline, they propose that the court extend the *dispositive motion deadline* by sixty days, which will give the plaintiff additional time to review his medical file and inmate complaint file. Id. at 3.

The court will grant the plaintiff's motion for extension of time, and will impose new deadlines for both the close of discovery and the filing of dispositive motions. The court's decisions regarding the plaintiff's other motions may limit the amount of discovery the plaintiff has left to do, but the court will provide him with the additional time he requests.

## II. MOTION FOR ORDER AUTHORIZING USE OF RELEASE ACCOUNT (DKT. NO. 28)

The plaintiff asks the court to authorize him to use $16.98 from his prison release account to pay for copies of documents he seeks. Dkt. No. 28.

2

The documents relate to the names of other inmates who were receiving "medical ice" at the time relevant to this case. Id. at 1. In discovery, the defendants objected to the plaintiff's requests for the names of those inmates, and also objected to the plaintiff's requests for any complaints the defendants ruled on regarding medical records. Id. The defendants maintain that this information is privileged, and that the inmates would have to sign authorizations to release their medical records to the plaintiff. Id. As a result, the plaintiff wants to send authorizations to these inmates (through the defendants) so that he can obtain this information. Id. at 1-2.

There are a number of problems with the plaintiff's plan. First, the court will not allow the plaintiff to use funds from his prison release account to conduct discovery. Although the court may allow an inmate to use funds from a prison release account to pay a filing fee, such fees are required to proceed with the case. Use of funds to conduct discovery is discretionary, and the court will not undermine the intent behind the concept of the prisoner release account by allowing the plaintiff to access the release account to fund litigation costs. See Wis. Adm.Code. § DOC 309.466 (stating that disbursements from a prisoner's release account are authorized "for purposes that will aid the inmate's reintegration into the community"). As the Seventh Circuit has instructed, "like any other civil litigant, [a prisoner] must decide which of [his] legal actions is important enough to fund," Lindell v. McCallum, 352 F.3d 1107, 1111 (7th Cir. 2003).

Second, the plaintiff's proposed use of the funds is not appropriate discovery. While the plaintiff has not filed a motion to compel discovery, the court must note that: (1) it would be unduly onerous for the court to require the defendants to identify these other inmates who were prescribed medical ice in the relevant time period, and (2) it would be inappropriate for the plaintiff to ask other inmates to sign authorizations to release their medical records to him. Those inmates aren't parties to this case, and they have privacy rights in their medical records. Nor has the plaintiff demonstrated how the fact that other inmates may have been prescribed "medical ice" is relevant to his claim that the defendants were deliberately indifferent to *his* need for medical ice.

The court will deny the plaintiff's motion for an order authorizing use of his prison release account.

### III. MOTION TO APPOINT OFFICER OF THE COURT (DKT. NO. 29)

In this motion, the plaintiff asks the court to appoint an officer of the court because he mailed three deposition requests to the defendants on June 7, 2016, and would like to use the information if there is a trial. Dkt. No. 29. The plaintiff attached to his motion lists of questions that, if allowed to depose them, he would ask defendants Bradley Turner and Bonnie Lind, as well as a witness, a nurse named B. Rudack. Dkt. No. 29-1.

It appears that the plaintiff may be attempting to take depositions by written questions under Federal Rule of Civil Procedure 31. If that is the case, it is not clear why the plaintiff would need an "officer of the court"—usually, in the context of depositions, a court reporter. If the plaintiff is proposing to

4

conduct an oral deposition of these three individuals, he has not—as the defendants point out in their response—complied with the requirements of the rules. For an oral deposition under Rule 30—as with any discovery request—it is the plaintiff's responsibility to arrange and fund the discovery process, including issuing subpoenas and having them served on the witnesses (or getting the defendants' agreement to depose them), hiring a court reporter or other officer of the court to create and certify a deposition transcript, and paying non-party witness fees. If the plaintiff is unable to afford these things, he must find alternate means of obtaining discovery—and such alternate means do exist. For example, with regard to his requests to defendants Turner and Lind, the plaintiff provides no explanation for why he could not present his proposed questions as interrogatories or requests for admission. In fact, the defendants represent in their response to the plaintiff's motion that they are in the process of responding to the questions the plaintiff already has served on Tanner and Lind.

With regard to the non-party witness, the plaintiff also could have used alternate procedures to ask her for information about his claims. The court will deny the plaintiff's motion to appoint an officer of the court.

## IV. CONCLUSION

The court **GRANTS** the plaintiff's motion for sixty-day extension of time. Dkt. No. 27. The parties shall serve all requests for discovery by a date sufficiently early so that all discovery is completed no later than **September**

5

**22, 2016**. The parties shall file any motions to dismiss or motions for summary judgment, together with supporting briefs, no later than **October 21, 2016**.

The court **DENIES** the plaintiff's motion for order authorizing him to use the funds in his release account to pay for legal supplies. Dkt. No. 28. The court **DENIES** the plaintiff's motion to appoint officer of the court. Dkt. No. 29.

Dated in Milwaukee, Wisconsin this 20th day of July, 2016.

BY THE COURT:

HON. PAMELA PEPPER
United States District Judge