UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DANIEL ANTHONY PEACE**,

                Plaintiff,

v.                                                    Case No. 15-cv-481-pp

**WARDEN WILLIAM POLLARD, TONY MELI,
BRADLEY TANNER, BONNIE LIND, JAMES OLSON,
TONIA MOON, ALYSSA EAKE, LAJUAN LEWIS,
WELCOME ROSE, and CINDY O'DONNELL**,

                Defendants.

---

**DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER (DKT. NO. 30), DENYING PLAINTIFF'S MOTION TO STRIKE (DKT. NO. 38), DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY (DKT. NO. 51), GRANTING DEFENDANTS' MOTION FOR PROTECIVE ORDER (DKT. NO. 61), GRANTING DEFENDANTS' MOTION TO ENLARGE PAGE LIMITS (DKT. NO. 78), DENYING PLAINTIFF'S MOTION TO STAY PLAINTIFF'S RESPONSE TO MOTION FOR SUMMARY JUDGMENT (DKT. NO. 80), GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE (DKT. NO. 80), AND DIRECTING PLAINTIFF TO RESPOND TO THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON OR BEFORE APRIL 14, 2017**

---

The plaintiff, Daniel Anthony Peace, is representing himself on Eighth Amendment claims regarding the defendants' alleged failure to provide him medically prescribed ice for a foot injury in December 2014. There are a number of motions pending.

## I. MOTION FOR PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER

The plaintiff filed a combined motion for preliminary injunction and temporary restraining order. Dkt. No. 30. He asks the court to overturn a

conduct report he received and void the punishment that resulted. Id. at 1-2. He also wants the court to order that he be transferred from Waupun Correctional Institution to another maximum security prison, or to a medium security prison. Id. at 2. Finally, he wants the court to order that none of the defendants be involved in making decisions on new inmate complaints or appeals he files. Id. The factual basis for his motion includes a recitation of the facts underlying this complaint, dkt. no. 32 at 2-6, problems he had filing a complaint in July 2015, id. at 7-9, an incident with librarian Nevin Webster in October 2015, id. at 9-10, complaints regarding his job assignment in 2016, id. at 10-13, and an incident at work in June 2016 where he drove a lawn mower over a padlock on a manhole, id. at 13-15.

To obtain preliminary injunctive relief, whether through a temporary restraining order or preliminary injunction, the plaintiff must show that (1) his underlying case has a reasonable likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction. Wood v. Buss, 496 F.3d 620, 622 (7th Cir. 2007). If he shows those three factors, the court then must move to the second phase of the test for injunctive relief: balancing the harm to each party and to the public interest from granting or denying the injunction. Id.; Korte v. Sebelius, 735 F.3d 654, 665 (7th Cir. 2013); Cooper v. Salazar, 196 F.3d 809, 813 (7th Cir. 1999).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, 555 U.S. 7, 22 (2008) (citing Mazurek v.

Armstrong, 520 U.S. 968, 972 (1997) (per curiam)). A preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit, and deals with a matter presented in that underlying suit. Kaimowitz v. Orlando, Fla., 122 F.3d 41, 43 (11th Cir. 1997) (citing De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945)); see also Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.") (citing Penn v. San Juan Hosp., Inc., 528 F.2d 1181, 1185 (10th Cir. 1975)); Alston v. City of Madison, 2014 U.S. Dist. LEXIS 106317, 2 (W.D. Wis. Aug. 4, 2014) ("[T]he general rule is that a plaintiff may not obtain injunctive relief on issues that do not relate to the claims asserted in the complaint.").

The "underlying suit" in this case relates to the defendants' alleged denial of medical ice on several days in December 2014. The injunctive relief that the plaintiff seeks—voiding an unrelated conduct report, a transfer to a new prison, and the handling of his inmate complaints—is not related to his allegations that he was denied ice for his foot over two years ago. See Hashim v. Hamblin, Case No. 14-cv-1265, 2016 WL 297465 at *4 (E.D. Wis. January 22, 2016) ("Plaintiff's requests for injunctive relief are not connected to the claims he is proceeding on in this case. He may not seek relief in connection with these claims in this lawsuit.") (citations omitted).

Nor can the plaintiff demonstrate that he has an inadequate remedy at law if he does not receive the relief he requests. "The absence of an adequate remedy at law is a precondition to any form of equitable relief." Roland Mach. Co. v. Dresser Indus., Inc., 749 F.2d 380, 386 (7th Cir. 2984). The usual "adequate remedy at law" is money damages. Maerican Medicorp., Inc. v. Continental Illinois Nat. Bank and Trust Co. of Chicago, 475 F. Supp. 5, 7 (N.D. Ill. 1977). In this case, the plaintiff has asked, as a remedy for the defendants' alleged failure to give him medical ice, for a million dollars in money damages. Dkt. No. 1 at 13. Thus, he has an adequate remedy at law.

Finally, the plaintiff has not demonstrated that he will suffer irreparable harm if the court does not grant the injunctive relief. In support of this factor, the plaintiff argues only that the defendants have violated his constitutional rights in the past. Dkt. No. 31 at 4-6. Alleging that the defendants violated his rights in the past does not demonstrate that the plaintiff is in danger of suffering irreparable harm in the future.

The court will deny the plaintiff's motion for injunctive relief.

## II. MOTION TO STRIKE

The plaintiff has asked the court to strike the proposed findings of fact he filed with his motion for preliminary injunction, accept the amended proposed findings of fact he filed with that motion, and direct the defendants to respond to these amended proposed findings of fact. Dkt. No. 28. There is no need to strike the plaintiff's proposed findings of fact, or for the defendants to respond to them, because the court did not base its denial of the plaintiff's

4

motion for preliminary injunction and temporary restraining order on the sufficiency of the facts the plaintiff presented in support of his motion. The court will deny this motion.

## III. DISCOVERY MOTIONS

On September 21, 2016, the plaintiff filed a motion to compel discovery. Dkt. No. 51. He asks the court to order the defendants to produce documents in response to his Fifth Requests for Production of Documents and to pay $200 in sanctions. Id. He argues that a notice he filed with the court, giving the defendants less than a week to mail all requested discovery to the plaintiff, constitutes a good faith attempt to meet and confer (as required by Civil L. R. 37) before bringing his motion. Id. at 3; Dkt. No. 51-1 at 3.

On October 12, 2016, along with their response to the plaintiff's motion, the defendants filed a motion for protective order. Dkt. No. 61. They ask the court to stay discovery on "requests relating to complaints filed against the defendants or other Department of Corrections staff, by other inmates, or the plaintiff, that do not reference or relate to the events at issue in this lawsuit regarding plaintiff's allegation that he was denied medical ice on three evenings in December 2014." Id. at 1. The defendants provided a copy of their responses and supplemental responses to the plaintiff's Fifth Request for Production of Documents. Dkt. No. 62-1. The defendants argue that the information the plaintiff requested is relevant to this suit only as to credibility, which means that it has no evidentiary value until after the court decides the parties' motions for summary judgment. Dkt. No. 61 at 2. They maintain that

5

disclosure of the requested information would have security implications, and that some of the documents contain confidential information, such as medical information that is protected by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) and inmate complaints made by other inmates under the confidential Inmate Complaint Review System. Id. at 2-3. The defendants propose that the court stay discovery of the documents at issue and consider them in camera after the motions for summary judgment are decided, if necessary. Id. at 4.

As an initial matter, the court notes that on August 23, 2016, the court received from the plaintiff a document entitled "Notice to All Parties." Dkt. No. 42. The notice, addressed to "all parties in this action," stated, "This is your one and only notice to meet the standards of motion to compel discovery. So the Defendants can not raise any argument they never receive notice." Id. Contrary to the plaintiff's assertion in his motion to strike, this document does not constitute a good-faith attempt to meet and confer with the defendants prior to bringing a motion to compel. See Fed. R. Civ. P. 37(a)(1); Civil Local 37 (E.D. Wis.). That rule requires a party seeking discovery to talk with the other side—in a letter, if necessary—in an attempt to work out any disagreements the parties may have over discovery, before the party files a motion to compel. The plaintiff's "notice" wasn't a good faith attempt to try to work out differences, so it does not meet the required "meet and confer" requirement. Despite this deficiency, the defendants filed a substantive motion in response to the motion to strike, so the court will consider the motion.

The defendants are correct that the only use for the documents in dispute would be to challenge the defendants' credibility. As such, they would not be relevant at the summary judgment stage. Summary judgment is appropriate only if there is no genuine dispute as to an issue of material fact, and the law supports judgment in favor of the movant. Courts do not consider the credibility of witnesses at the summary judgment stage. Springer v. Durflinger, 518 F.3d 479, 484 (7th Cir. 2008) (citation omitted). Further, it would constitute an undue burden for the defendants to producing these documents, and there would be risks to security and privacy information.

The court will deny the plaintiff's motion to compel without prejudice, dkt. no. 51, and will grant the defendants' motion for a protective order, dkt. no. 61. If the case survives summary judgment, the plaintiff may file a motion asking the court for leave to serve additional discovery demands.

## IV. MOTION TO ENLARGE PAGE LIMITS

On October 21, 2016, the defendants filed a motion for summary judgment. Dkt. No. 64. With that motion, they filed a motion to exceed page limitation, and a thirty-five page brief. Dkt. No. 78. They assert that they needed more than thirty pages allowed by the court's local rulese to respond to the plaintiff's ten claims against ten defendants. Additionally, they filed a single brief both supporting their motion for summary judgment and responding to the plaintiff's partial motion for summary judgment (dkt. no. 52). The court considers this a reasonable request, and will grant the motion and consider the defendants' combined brief.

## V. MOTION TO STAY AND MOTION FOR EXTENSION OF TIME

On November 28, 2016, the plaintiff filed a document entitled "Motion to Stay Brief in Response to Defendants' Motion for Summary Judgment." Dkt. No. 80. The court docketed this as a motion to stay and a motion for extension of time to file his response. The plaintiff asks for sixty days after the court resolves the pending motions to file his response to the defendants' motion for summary judgment. The court will deny the plaintiff's motion to stay because it is not necessary for the court to stay the entire case to allow him the time he needs. The court will, however, grant the plaintiff's motion for extension of time to file his response, and will order the plaintiff to respond to the defendants' motion for summary judgment by the end of the day on April 14, 2017.

## VI. CONCLUSION

The court **DENIES** the plaintiff's motion for preliminary injunction and temporary restraining order. Dkt. No. 30. The court **DENIES** the plaintiff's motion to strike. Dkt. No. 38.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to compel discovery, dkt. no. 51, and **GRANTS** the defendants' motion for a protective order, dkt. no. 61.

The court **GRANTS** the defendants' motion to enlarge page limits. Dkt. No. 78. The court **DENIES** the plaintiff's motion to stay plaintiff's response to the defendants' motion for summary judgment. Dkt. No. 80. The court **GRANTS** the plaintiff's motion for extension of time to file response, dkt. no. 80, and **ORDERS** that the plaintiff shall file his response to the defendants'

motion for summary judgment in time for the court to receive it on or before

**April 14, 2017**.

Dated in Milwaukee, Wisconsin this 10th day of February, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge