UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DANIEL ANTHONY PEACE,

                Plaintiff,

v.                                          Case No. 15-cv-481-pp

WILLIAM J. POLLARD, *et al.,*

                Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT (DKT NO. 104)**

---

On January 29, 2018, the court granted the defendants' motion for summary judgment and dismissed this case. Dkt. Nos. 99, 100. Nearly a year later, on January 22, 2019, the court received the plaintiff's motion to alter or amend the judgment. Dkt. No. 104.

There are two rules that parties generally use to ask courts to re-visit previous decisions. Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend a judgment within twenty-eight days of the court entering judgment. Rule 60(b) allows a court to grant relief from a final judgment for a specific set of reasons, within a "reasonable time" after entry of judgment, generally no more than a year.

The plaintiff's motion mentions Rule 59, and says that under that rule, he has "up to a year to file this motion." Dkt. No. 104 at 1. The plaintiff is mistaken; Rule 59(3) states that a motion to alter or amend a judgment "must be filed no later than 28 days after the entry of judgment." Because the plaintiff

filed his motion well beyond the twenty-eight-day time limit, he cannot obtain the relief he seeks under that rule.

Rule 60(b) allows a court to relieve a party from a final judgment for the following reasons:

   (1)   mistake, inadvertence, surprise, or excusable neglect;
   (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
   (3)   fraud . . . , misrepresentation, or misconduct by an opposing party;
   (4)   the judgment is void;
   (5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
   (6)   any other reason that justifies relief.

Section 60(b)(1) allows a court to remedy its own mistakes. Mendez v. Republic Bank, 725 F.3d 651, 660 (7th Cir. 2013). The plaintiff's motion, however, does not demonstrate that the court made a mistake. The plaintiff disagrees with the court's conclusion that his bruised pinky toe did not qualify as an objectively serious medical condition. He points to no evidence in the record, and identifies no case law that the court has not already considered, that causes the court to believe that its decision was erroneous. The plaintiff argues that because a doctor prescribed acetaminophen, an ice bag and Epsom salts, his injury was a serious medical need, because it had been diagnosed by a physician as mandating treatment. Dkt. No. 104 at 2. But "a bruise does not generally rise to the level of a serious medical need." Cheek v. Beeman, Case No. 13-cv-527, 2014 WL 3867471 at *3 (W.D. Wis. 2014) (collecting cases,

including Caldwell v. McEwing, Case No. 00-cv-1319, 2006 WL 2796637, at *11 (C.D. Ill. Sept. 28, 2006)).

Nor does the plaintiff's motion present newly discovered evidence, so Rule 60(b)(2) does not afford him relief. He does not allege that the defendants obtained the judgment by fraud, misrepresentation or misconduct, so he is not entitled to relief under Rule 60(b)(3). The judgment is not void, nor has it been satisfied, so subsections (b)(4) and (b)(5) are not applicable. Finally, the subsection (b)(6) "any other reason" "catch-all category is limited to 'extraordinary circumstances . . . .'" Mendez, 725 F.3d at 657 (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988)). The plaintiff has not demonstrated such extraordinary circumstances.

The court **DENIES** the plaintiff's motion to alter or amend the judgment. Dkt. No. 104.

Dated in Milwaukee, Wisconsin, this 11th day of February, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**
